**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **MARY J. THEODORE,** | * | |
| | * | EXHIBIT A |
| Plaintiff, | * | |
| v. | * | CASE NO: |
| | * | |
| **UBER TECHNOLOGIES, INC.** | * | |
| c/o C T CORPORATION SYSTEM | * | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | * | |
| | * | |
| **RAISER LLC,** | * | |
|     Serve to: | * | |
| UBER TECHNOLOGIES, INC. | * | |
| c/o C T CORPORATION SYSTEM | * | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | * | |
| | * | |
| And | * | |
| | * | |
| **RAISER-CA LLC,** | * | |
|     Serve to: | * | |
| UBER TECHNOLOGIES, INC. | * | |
| c/o C T CORPORATION SYSTEM | * | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | * | |
| | * | |
| And | * | |
| | * | |
| **RAISER-DC LLC,** | * | |
|     Serve to: | * | |
| UBER TECHNOLOGIES, INC. | * | |
| c/o C T CORPORATION SYSTEM | * | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | * | |
| | * | |
| And | * | |
| | * | |

| | |
|---|---|
| **NIMA SABBAGHIAN**, | * |
| | * |
| And | * |
| | * |
| **DOES 1-30** | * |
| | * |
| Defendants. | |

## COMPLAINT

Plaintiff MARY J. THEODORE as and for this Complaint against Defendants, UBER TECHNOLOGIES, INC., RAISER LLC, RAISER-CA LLC, Raiser-DC LLC, NIMA SABBAGHIAN, and DOES 1-30 hereby alleges as follows:

## NATURE OF ACTION

1. This is an action for monetary damages for automobile related personal injury claims brought by the injured Plaintiff MARY J. THEODORE.

## PARTIES

### Plaintiff

2. Plaintiff MARY J. THEODORE (hereinafter "Plaintiff"), is an adult citizen of the State of Virginia.

### Defendants

3. Defendant UBER TECHNOLOGIES, INC. (hereinafter "UBER") is a Delaware corporation and/or DOES 1-10 are corporations and/or business entities of a form unknown, which runs a TRANSPORTATION NETWORK COMPANY (TNC) known as UBER which provide a number of transportation options and vehicles for users of their service, including a low option called Uber X, through an online-enabled application (hereinafter "APP").  UBER has its principal place of business in and conducts business in San Francisco, California.

4. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that Defendant RAISER LLC (hereinafter "Raiser") is a Delaware limited liability company which is a wholly owned subsidiary of UBER and the parent company of RAISER-CA LLC, a Delaware limited liability company. RAISER LLC and RAISER-CA LLC have their principal place of business in and conducts business in San Francisco, California.

5. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that Defendant RAISER-DC LLC (hereinafter "Raiser-DC") is a Delaware limited liability company which is a wholly owned subsidiary of UBER.

6. UBER AND DOES 1-10, use RAISER-LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and/or DOES 21-30 to operate a TRANSPORTATION NETWORK COMPANY (TNC) known as Uber X, a division of UBER and/or DOES 1-10 and 21-30's commercial enterprise.

7. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that Defendants RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC is the insurance certificate holder for the insurance that UBER is required to carry as a TNC which its used for its Uber X operations.

8. Defendant NIMA SABBAGHIAN (hereinafter "SABBAGHIAN") is an adult male of the State of Maryland. On November 15, 2018, he was the driver of the vehicle which struck and injured Mary J. Theodore.

9. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that on November 15, 2018, at the time of the collision, Defendant SABBAGHIAN was a driver/transportation provider who was operating his vehicle utilizing the UBER APP and as such

was an agent and/or employee and/or partner of UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and/or DOES 21-30.

10. Plaintiff is informed and believes, and on the basis of said information and belief, alleges, at all times material to this complaint, UBER and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and/or DOES 21-30 were the employer of Defendant SABBAGHIAN and/or his partner and/or an agency relationship existed between them.

11. DOES 11-20 are believed to be the owners of the vehicle driven by Defendant SABBAGHIAN at the time of the collision.

12. Plaintiff is ignorant of the names of the Defendants sued herein as DOES 1 through 30, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and thereon allege that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries herein alleged were caused by the aforementioned Defendants.

13. Plaintiff is informed and believes, and on the basis of said information and belief, alleges, that at all times herein material to this matters alleged in this Complaint, each of the Defendants was the agent and/or employee and/or partner of each of the remaining Defendants and, in doing the things herein alleged, was acting within the course and scope of such agency and/or employment, and/or aided and/or abetted the others and/or ratified the acts of the others so as to make them liable for the Plaintiff's damages.

14. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that there is a unity of interest and operation between UBER, RAISER LLC, RAISER-CA

LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 such that their separate and independent classification is but a fiction and that each is the alter-ego of the other.

15.     Defendants are liable to the acts of each other through principals of *respondeat superior*, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

## JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court pursuant to D.C. Code § 11-921.

## FACTS

17.     On or about the evening of November 15, 2018, Plaintiff was walking in the cross-walk on Pennsylvania Avenue NW crossing 14th Street NW.

18.     Plaintiff proceeded to walk into the crosswalk after the pedestrian sign instructed her to do so.

19.     As Plaintiff was in the cross-walk with signal green for her to walk, a vehicle driven by Defendant SABBAGHIAN turned left from Pennsylvania Avenue NW at 14th Street NW and collided into Plaintiff.

20.     The collision caused the Plaintiff to be struck by the vehicle in the crosswalk and caused significant physical and mental injuries to the Plaintiff in this action.

21.     UBER, and/or RAISER LLC, and/or RAISER-CA LLC, and/or RAISER-DC LLC, and/or DOES 1-10 and 21-30 and their Uber X service have been classified by the District of Columbia as a TNC.

22.     UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 through its services, including Uber X, provides prearranged transportation services for compensation using its APP or platform to connect persons wanting to procure transportation

5

(hereinafter "USERS"), with those who, utilizing their personal vehicles, want to provide transportation in exchange for compensation (hereinafter "DRIVERS").

23. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that Defendant SABBAGHIAN was logged on to the UBER APP at the time that the collision occurred and was appearing as an UBER and/or UBER X DRIVER available for providing transportation services to USERS and/or was viewing, monitoring and/or interacting with his wireless communications device/smartphone/GPS at or near the time of the collision.

24. Before USERS can utilize the APP, USERS must become "partners" of UBER, RAISER LLC, RAISER -CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 by logging into UBER's APP or web-based portal and provide information about themselves to UBER including their name, email, credit card number, mobile telephone number, etc. Only registered USERS can use UBER's APP to prearrange transportation service.

25. Before DRIVERS can participate in UBER's, RAISER LLC's, RAISER-CA LLC's, RAISER-DC LLC's, and DOES 1-10 and 21-30's prearranged transportation service, including but not limited to Uber X, they must apply to be a DRIVER by logging into UBER's APP or web-based portal and provide information including but not limited to their name, phone number, address, email, banking information, vehicle registration, insurance, vehicle description, and have their vehicle inspected. UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 are required to conduct a background investigation of their DRIVERS including but not limited to their driving and criminal history (and thereafter conduct periodic reviews of their driving history). UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 then evaluate the driver and only permit those drivers it finds suitable to become registered DRIVERS on its APP. UBER, RAISER LLC, RAISER-CA LLC, RAISER-

6

DC LLC, and DOES 1-10 and 21-30 reserve the right to remove or delete DRIVERS from their system at their discretion.  Therefore, UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 are entirely in control of who can use their system as either a DRIVER or USER.

26.    Only after USERS and DRIVERS have provided the information required by UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30 can they participate in the prearranged transportation service.

27.    USERS seeking transportation services provided by UBER, RAISER LLC, RAISER-CA LLC, RAISER-DC LLC, and DOES 1-10 and 21-30, such as Uber X and its DRIVERS, log on to the APP which is under the URL, www.uber.com, and arrive at a main screen that says UBER.  From that main screen they can navigate among different types of transportation services (generally distinguished by type of vehicle) including Uber X which is touted as "the low cost UBER."

28.    USERS who choose Uber X are shown a GPS looking screen which displays vehicles available to provide transportation services in their area.  After requesting a DRIVER, the APP alerts nearby DRIVERS who must timely indicate their acceptance of the USER's transportation request by manually interfacing with the APP.  Once the DRIVER accepts the USER's request that driver's name, photo, vehicle description, user rating, and time from pickup are displayed to the USER.

29.    DRIVERS, in order to be available to provide USERS transportation services in exchange for compensation, must log on to the UBER and/or Uber X APP and indicate their availability.  Their location and information are then visible to USERS and DRIVERS can access

a screen on their electronic communication device/smart phone/GPS called "God View" which shows them a map of where others using the system are located.

30. UBER and Uber X's brand and value to USERS, and potential USERS, is enhanced by having a significant number of DRIVERS registered, visible to the USERS on the UBER APP, and available in close proximity to USERS so as to provide transportation services. UBER states on its website "When you request a driver, we'll find a driver and let track their location on the map. Your driver's name and car detail appear in the app and you can message or if you need to." "UBER's, and/or RAISER LLC's, and/or RAISER-CA LLC's, and/or RAISER-DC LLC's, and DOES 1-10 and 21-30's competitive advantage in the transportation industry is fostered by having an APP that shows both DRIVERS and USERS where the other is, providing information and reviews about the DRIVER and USER, permitting communication by texts and phone between DRIVER and USER and by demonstrating the large number of available DRIVERS which are logged on to the UBER APP.

31. UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 derive an economic benefit from not only having USERS transported by DRIVERS collecting a portion of the charge for transportation, it derives an economic benefit, and competitive advantage by displaying the location of available vehicles near the USER's location. USERS seeing the ready supply of UBER and/or Uber X vehicles have greater consumer confidence that they will be able to obtain one-to-one prearranged transportation services rapidly and are therefore more likely to be repeat customers. By using this method, UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 enhance their business by attracting a larger number of USERS to their services and therefore, increase their market share of the transportation industry and commerce in the business sector in which they

provide service. Therefore, regardless whether a DRIVER actually has a USER in their car, is on the way to an USER who has engaged the DRIVER through the APP, or is simply logged on to the APP as an available DRIVER, UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 derives an economic benefit from having DRIVERS registered on the service.

32. The nature of the APP and its interface is both visual and tactile. Therefore, DRIVERs must monitor their wireless communications device/smartphone/GPS so as to be aware of the location of other UBER and/or Uber X vehicles so they can position themselves near areas of high USER demand. The APP provides for texting and phone calling and instant messaging between the DRIVER and the USER.

33. UBER and/or Uber X DRIVERS must respond quickly to a USER request for service by physically interfacing with the APP thereby leading to distractions while a DRIVER monitors and/or uses the APP on their wireless communications device/smartphone/GPS. Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 knew, or should have known use of the APP by DRIVERS, including but not limited to Defendant SABBAGHIAN, in the manner intended and actually required by UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 would be in violation of Codes of District of Columbia § 50–1731.04. Restricted use of mobile telephone and other electronic devices in which subsection (a) states "No person shall use a mobile telephone or other electronic device while operating a moving motor vehicle in the District of Columbia unless the telephone or device is equipped with a hands-free accessory."

34. Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 knew, or should have known that use of the APP

9

by DRIVERS, including but not limited to Defendant SABBAGHIAN, in the manner intended and actually required by UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 would be in violation of the Codes of District of Columbia § 50–1731.03. Prohibition on distracted driving which states "Distracted driving shall be prohibited. A person found guilty of distracted driving shall be subject to the fines and penalties set forth in § 50-1731.06(a)."

35. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that the status of Defendant SABBAGHIAN as an UBER and/or Uber X DRIVER, including but not limited to the use and/or monitoring of the APP and its interface, was a proximate cause of this collision, including but not limited to causing Defendant SABBAGHIAN to be distracted while driving.

36. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that the design of the UBER APP and DRIVER interface , requires the drivers to use the APP in such a manner as to violate the law, including but not limited to Codes of the District of Columbia Title 50 Motor and Non-Motor Vehicles and Traffic Sections 50-1731.02, 50–1731.03, and/or 50–1731.04, thereby causing distraction to DRIVERS, including Defendant SABBAGHIAN and further, that Defendant SABBAGHIAN's distraction was a substantial factor in causing the subject collision and resultant harm.

37. Metropolitan Police Department Officer James Steinbach (#4536) issued Citation NOI 277666001 to Defendant SABBAGHIAN for failure to yield the right of way to a pedestrian.

38. The accident report of Metropolitan Police Department Officer James Steinbach (#4536) stated USERS were in the Defendants' vehicle utilizing the prearranged transportation

services of UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 at the time the collision occurred and struck Plaintiff.

39. Solely as a result of the Defendants' failure to yield the right of way to a pedestrian, the Plaintiff suffered severe personal injuries, incurred substantial medical bills, expenses, and lost wages.

40. Plaintiff suffered serious injuries which resulted in long-term and permanent impairment of her bodily functions.

41. As a result of Defendants' negligence, Plaintiff has to live with excruciating pain for a continuous period of time and her injuries are expected to cause great pain, inconvenience, embarrassment and mental anguish to her for an indefinite period of time in the future.

## COUNT 1: NEGLIGENCE AGAINST ALL DEFENDANTS

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-41 as if fully stated herein.

43. Defendants and each of them owed Plaintiff a duty of reasonable/due care as well as statutory duties established in the Codes of District of Columbia Title 50 Motor and Non-Motor Vehicles and Traffic Sections 50-1731.02, 50–1731.03, and/or 50–1731.04.

44. Defendant SABBAGHIAN, on November 15, 2018, while operating his vehicle in the scope and course of his employment/agency/partnership with UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30  was negligent and did breach one or more those duties and said breach was the proximate cause of personal injuries to Plaintiff Mary J. Theodore.

45. Defendants DOES 11-20 were negligent in their entrustment of the vehicle being driven by Defendant SABBAGHIAN on November 15, 2018.

46. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered significant general and special damages in amount to be determined at trial.

47. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiff herein so as to warrant the imposition of punitive damages.

**COUNT 2: NEGLIGENCE
AGAINST DEFENDANTS UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or
RAISER-DC LLC and/or DOES 1-10 and 21-30**

48. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-47 as if fully stated herein.

49. Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 were negligent in their development, implementation, and use of the APP in the provision of prearranged transportation services in such a manner so as to lead to DRIVERS, including Defendant SABBAGHIAN, to be distracted and/or inattentive, while driving.

50. Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 required its DRIVERS to use a smartphone APP and/or GPS that causes, and did cause, driver distractions and inattention to the roadway, such that it was the proximate cause of the subject accident resulting personal injuries to Plaintiff Mary J. Theodore.

51. As a proximate result the negligence of Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 and each of

them, Plaintiff has suffered significant special and general damages in amounts to be determined at trial.

52. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiff herein so as to warrant the imposition of punitive damages.

### COUNT 3: NEGLIGENCE PER SE
### AGAINST ALL DEFENDANTS

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-52 as if fully stated herein.

54. The Codes of District of Columbia Title 50 Motor and Non-Motor Vehicles and Traffic Sections 50-1731.02, 50–1731.03, and/or 50–1731.04 were laws implemented by the District of Columbia to protect individuals from injury or death due to inattentive or distracted drivers. Plaintiff was of the class of persons intended to be protected by these laws.

55. Defendants and each of them therefore owed Plaintiff a duty to conduct their affairs in accordance with the Codes of District of Columbia Title 50 Motor and Non-Motor Vehicles and Traffic Sections 50-1731.02, 50–1731.03, and/or 50–1731.04.

56. Defendants and each of them breached one or more of the duties established by Codes of District of Columbia Title 50 Motor and Non-Motor Vehicles and Traffic Sections 50-1731.02, 50–1731.03, and/or 50–1731.04. Such conduct constitutes *negligence per se*.

57. As a direct and proximate result, Plaintiff suffered significant general and special damages in an amount to be determined at trial.

58. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiff herein so as to warrant the imposition of punitive damages.

### COUNT 4: STRICT PRODUCTS LIABILITY-BYSTANDER THEORY AGAINST DEFENDANTS UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30

59. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-58 as if fully stated herein.

60. Plaintiff is informed and believes, and on the basis of said information and belief, alleges that Defendants UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 designed and/or distributed the APP and/or GPS interface/system that UBER DRIVERS, including Defendant SABBAGHIAN, were required to use and furthermore trained or failed to adequately train them on how to use the APP and interface.

61. In doing so UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 did place the APP and GPS system into use and on the market.

62. UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 had, or should have had, knowledge that the APP and/or GPS interface would be used without inspection for defects and would be used in such a way as to violate one or more provisions of Codes of District of Columbia Motor and Non-Motor Vehicles and Traffic and/or create a significant risk of the type of harm suffered by the Plaintiff in this action.

63. The defects in the APP and/or GPS interface were the direct and proximate cause of harm to the Plaintiff including the physical and emotional injuries suffered and the injuries that

flow therefrom to the Plaintiff. Strict liability extends not only in favor of the users and consumers, but also in favor of bystanders such as pedestrians.

64. The APP and/or GPS interface was defective.

65. As a proximate result of the product defect, Plaintiff suffered significant general and special damages in an amount to be determined at trial.

66. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiff herein so as to warrant the imposition of punitive damages.

**COUNT 5: NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST DEFENDANTS UBER, and/or RAISER LLC, and/or RAISER-CA LLC, and/or RAISER-DC LLC and/or DOES 1-10 and 21-30**

67. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-66 as if fully stated herein.

68. UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 did breach that duty of care in the hiring, retention, training and/or supervision of Defendant SABBAGHIAN who was unfit to be a provider of transportation, and who was not adequately trained or supervised in his driving and/or use of the APP and the dangers inherent therein. UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 knew or should have known that Defendant SABBAGHIAN would be using the APP in a manner which would distract him and lead to a risk of the very type of danger and harm that occurred on November 15, 2018.

69. The breach of that duty was the proximate cause of harm to the Plaintiff causing her to suffer significant special and general damages in an amount to be proven at the time of trial.

15

70. The conduct of the Defendants and each of them was engaged in with fraud, oppression and/or malice, and was in conscious disregard of the rights and safety of others, including but not limited to the Plaintiff herein so as to warrant the imposition of punitive damages.

### COUNT 6: VICARIOUS LIABILITY AGAINST DEFENDANTS UBER, and/or RAISER LLC, and/or RAISER-CA LLC, and/or RAISER-DC LLC and/or DOES 1-10 and 21-30

71. Plaintiff incorporates by reference the allegations in the preceding paragraphs 1-70 as if fully stated herein.

72. At the time of the accident, Defendant SABBAGHIAN was driving the vehicle owned by DOES 11-20 within the scope of employment of and in furtherance of the prearranged transportation services of UBER, and/or RAISER LLC, and/or RAISER-CA LLC, and/or RAISER-DC LLC and/or DOES 1-10 and 21-30.

73. Defendant SABBAGHIAN was covered by the insurance of UBER, and/or RAISER LLC, and/or RAISER-CA LLC, and/or RAISER-DC LLC and/or DOES 1-10 and 21-30.

74. The breach of that duty was the proximate cause of harm to the Plaintiff causing her to suffer significant special and general damages in an amount to be proven at the time of trial.

75. Under the laws of the District of Columbia, UBER, and/or RAISER LLC and/or RAISER-CA LLC and/or RAISER-DC LLC and/or DOES 1-10 and 21-30 are vicariously liable for tortious acts proximately caused by an employee, as long as those acts are within the scope of employment.

76. Defendants breached that duty by their careless, negligent, grossly careless, and reckless conduct which consisted *inter alia* of the following particulars:

    a. Failing to yield the right of way to a pedestrian;

16

      b. Failing otherwise to comply with the applicable laws and regulations of the District of Columbia and the applicable Federal laws and regulations;

      c. Otherwise failing to yield the right of way to a pedestrian required under the circumstances; and

      d. Otherwise being negligent.

77. As a direct and proximate result of Defendants' breach of law and negligence, Plaintiff suffered and sustained severe personal injuries, emotional injuries, costs of present and future medical treatment for those injuries, loss of earnings, loss of earning capacity, pain and suffering, and other physical, emotional, incidental and consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, individually and collectively, of $1,000,000.00, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Court deems appropriate.

Dated: August 26, 2020          /s/ Y. Kris Lee_____
                                          Y. Kris Lee (DC Bar No. 429411)
                                          **YOUJIN LAW GROUP PLLC**
                                          1200 G Street NW, Suite 800
                                          Washington, DC 20005
                                          Tel: (202) 900-9007
                                          Fax: (877) 877-909-6601
                                          Email: kris@youjinlaw.com
                                          *Attorney for the Plaintiff*

## **JURY DEMAND**

Plaintiff requests trial by jury in the above-referenced matter.

/s/ Y. Kris Lee
Y. Kris Lee

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Mary J. Theodore         Case Number: **2020 CA 004056 V**
vs                       Date: 9/17/2020
Uber Technologies, Inc.  ☐ One of the defendants is being sued in their official capacity.

Name: (Please Print) Y. Kris Lee, Esq.   Relationship to Lawsuit
Firm Name: Youin Law Group PLLC          ☑ Attorney for Plaintiff
Telephone No.: 202-900-9007              ☐ Self (Pro Se)
Six digit Unified Bar No.: 92944         ☐ Other:

TYPE OF CASE: ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 1,000,020.00    Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: ___ Judge: ___ Calendar #: ___
Case No.: ___ Judge: ___ Calendar #: ___

NATURE OF SUIT: (Check One Box Only)

### A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract         ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination  ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

### B. PROPERTY TORTS

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy        ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander               Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference     ☐ 18 Wrongful Death (Not Malpractice)
☑ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal          ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)            ☐ 23 Tobacco
                                                                   ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 43-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  _____9/17/2020_____
Attorney's Signature                  Date